## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

VITAL PHARMACEUTICALS, INC., d/b/a
VPX SPORTS,

      Plaintiff,

  v.                         Case No. _____

BILL'S DISTRIBUTING, LTD., DEAN
DISTRIBUTING, INC., FABIANO
BROTHERS – WISCONSIN, LLC,
FLANIGAN DISTRIBUTING OF DOOR
COUNTY, INC., LARRY'S DISTRIBUTING
COMPANY, S. & S. DISTRIBUTING, INC.,
and WDI, LLC,

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports ("VPX" or "Plaintiff"), states as follows for its Complaint against Defendants Bill's Distributing, Ltd. ("Bill's"), Dean Distributing, Inc. ("Dean"), Fabiano Brothers – Wisconsin, LLC ("Fabiano"), Flanigan Distributing of Door County, Inc. ("Flanigan"), Larry's Distributing Company ("Larry's"), S. & S. Distributing, Inc. ("S. & S.") and WDI LLC d/b/a Wisconsin Distributors ("WDI") (collectively "Defendants"):

## NATURE OF THIS ACTION

1. Defendants are sophisticated business entities engaged in the wholesale distribution of beverage products including, among others, certain energy drinks manufactured by VPX such as REDLINE® and BANG®.

2. Defendants each entered into contracts with VPX that governed their respective relationships with VPX. Among other things, each Defendant's contract included: (1) Florida

1

choice of law and venue provisions; and (2) a provision allowing VPX to terminate the existing relationship without cause by paying a substantial buyout based on the Defendant's past year of sales.

3. VPX recently initiated the process to terminate its current relationships with Defendants, and stands prepared to honor and pay each Defendant's buyout. But Defendants insist Wisconsin law applies to their relationships with VPX, that VPX cannot terminate them without cause, and that they are entitled to damages under the Wisconsin Fair Dealer Law, Wis. Stat. § 135.01 *et seq.* ("WFDL") that far exceed the contractual buyout to which they agreed.

4. Defendants' arguments are irreconcilable with the written contracts they signed, and VPX brings this action to hold Defendants to their obligations. VPX seeks a declaration of the parties' rights and obligations under each Defendant's respective distributor agreement, including declarations that: (1) each Defendant's Distributor Agreement is enforceable as written; (2) Florida law governs VPX's relationship with each Defendant; (3) VPX was and is permitted to terminate its current relationships with Defendants without cause, and Defendants are entitled to no compensation beyond the contractually-defined buyout; (5) the WFDL does not apply; and (6) alternatively, if the Court determines that the WFDL does apply, that VPX has not violated it.

## THE PARTIES

5. VPX is a Florida corporation with its principal office located at 1600 N. Park Drive, Weston, FL 33326, and is therefore a citizen of Florida.

6. Bill's is Wisconsin limited company with its principal place of business at 5900 Packer Drive NE, Menomonie, Wisconsin 54751-4940 and, therefore, is a citizen of Wisconsin.

7. Dean is a Wisconsin corporation with a principal place of business at 1215 Ontario Road, Green Bay, Wisconsin 54331 and, therefore, is a citizen of Wisconsin.

8. Fabiano is a Wisconsin limited liability company with a principal place of business at 7205 Zinser Street, Weston, Wisconsin 54476-4540. Fabiano is wholly owned by two members: James C. Fabiano II Trust and Joseph R. Fabiano II Trust. It is believed that the beneficiaries of those trusts are Michigan and/or Wisconsin citizens.

9. Flanigan is a Wisconsin corporation with its principal place of business at 5600 Gordon Road, Strugeon Bay, Wisconsin 54235-8839 and, therefore, is a citizen of Wisconsin.

10. Larry's is a Wisconsin corporation with its principal place of business at 3815 Playbird Road, Sheboygan, Wisconsin 53083 and, therefore, is a citizen of Wisconsin.

11. S. & S. is a Wisconsin corporation with its principal place of business at 2000 Riley Road, Sparta, Wisconsin 54656 and, therefore, is a citizen of Wisconsin.

12. WDI is a Wisconsin limited liability corporation with a principal place of business at 900 Progress Way, Sun Prairie, Wisconsin 53590. The members of WDI are Pierre and Kara McCormick, both citizens of Wisconsin. WDI is, therefore, a citizen of Wisconsin.

## JURISDICTION AND VENUE

13. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, *et seq*.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332. The parties to this action are diverse, in that VPX is a citizen of Florida and all the Defendants are citizens of Wisconsin and/or Michigan. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, because each Defendant claims to be owed in excess of $75,000 as a result of VPX's decision to terminate Defendant's distribution of BANG® branded products and each Defendant seeks damages under the WFDL well in excess of the jurisdictional limits.

3

15. Venue is proper in this Court because, under each Defendant's respective Distribution Agreement, each Defendant contractually agreed Florida law shall govern all issues relating to those agreements and irrevocably agreed any legal action, suit, or proceeding arising out of or in connection with those agreements, the transactions contemplated thereby, or disputes relating thereto, shall be brought exclusively in the State or Federal courts located in Broward County, Florida. Defendants expressly waived any jurisdictional objections to litigating in this Court. Venue is also proper pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

16. VPX is a manufacturer of fitness-focused nutritional supplements and energy drinks, which have been sold over time under various brands including REDLINE® and BANG®. Each VPX product brand is made up of a variety of energy drink products.

17. VPX sells its products internationally and nationwide. To do so, it has relied in part on independent wholesale distributors to sell and distribute its products to retail resellers.

18. On October 2, 2018, VPX and Dean's entered into a Distributor Agreement whereby Dean's agreed to serve as a VPX wholesale distributor in and around Green Bay, Wisconsin (the "Dean's Agreement").

19. On December 13, 2018, VPX and Fabiano entered into a Distributor Agreement whereby Fabiano agreed to serve as a VPX wholesale distributor in six Wisconsin counties (the "Fabiano Agreement").

20. On October 31, 2018, VPX and Flanigan entered into a Distributor Agreement whereby Flanigan agreed to serve as a VPX wholesale distributor in Door County, Wisconsin and Kewaunee County, Wisconsin (the "Flanigan Agreement").

21. On December 20, 2018, VPX and Larry's entered into a Distributor Agreement whereby Larry's agreed to serve as a VPX wholesale distributor in Sheboygan and Calumet Counties, Wisconsin (the "Larry's Agreement").

22. On October 8, 2018, VPX and S. & S. entered into a Distributor Agreement whereby S. & S. agreed to serve as a VPX wholesale distributor in nine counties in western Wisconsin (the "S. & S. Agreement").

23. On March 5, 2018, VPX and Bill's entered into a Distributor Agreement whereby Bill's agreed to serve as a VPX wholesale distributor.

24. On August 7, 2018, VPX and WDI entered into a Distributor Agreement whereby WDI agreed to serve as a VPX wholesale distributor in twenty-seven Wisconsin counties (the "WDI Agreement".

25. Each of Defendant's respective Distributor Agreements includes a Florida choice of law provision that is either identical to or substantively identical to the following: "Florida law shall govern all issues relating to the enforcement, interpretation, validity and effect of this Agreement, without regard to conflicts of law."

26. Each of Defendant's respective Distributor Agreement also includes a provision that expressly allows VPX to terminate the relationship without cause upon payment of a contractually-defined buyout that is based on the Defendant's sales of VPX products within the preceding 12 months:

> Manufacturer may terminate this Agreement without cause at any time, in its sole discretion, by buying out Distributor's rights. The fair compensation to be paid to Distributor in the event Manufacturer opts to exercise its buyout right hereunder shall be the product of multiplying: (a) the number of standard unit cases of Manufacturer's Products sold by Distributor in the 12-month period immediately preceding notice of Manufacturer's exercise of its buyout right hereunder if the Agreement has been in effect for a full 12 months or the number of cases that the Distributor has resold during the time that the Agreement has been in effect if the

Agreement has been in effect for less than 12 months, whichever is shorter; and (b) $4.00 per 12-count case of BANG® sold, $8.00 per 23-count case of BANG® sold, and $6.00 per case of Redline® RTD sold. This buyout sum shall be paid to Distributor within two (2) months after Manufacturer sends written notice that it is exercising its buyout right hereunder. Within 30 days after Manufacturer sends the notice of buyout, Distributor shall provide to Manufacturer a detailed accounting of its resales, along with proof of the resales in the form of monthly depletion reports. Failure to timely provide Manufacturer with a detailed accounting, along with sufficient proof of resales will cause Distributor to delay the buyout. If Distributor provides a sufficient accounting and proof of resales, upon Manufacturers sending of payment of the substantiated price, this Agreement shall be deemed canceled. Time is of the essence.

27. In late April and early May of 2020, VPX initiated the process to terminate its existing relationship with each Defendant without cause. VPX stands ready to honor its own contractual obligations by paying the contractually-defined buyout.

28. The Defendants, however, have taken a position that is completely irreconcilable with the Distributor Agreements they signed. Specifically, they argue Wisconsin law applies and that VPX cannot terminate them without cause. They also claim to be entitled to damages that far exceed the buyout provision of their respective contracts.

29. Defendants are sophisticated business entities:

- Bill's has been in business since 1954, employs over 100 employees, distributes 500 different brands from 50 different suppliers, and operates a 153,000 square foot facility that can hold up to eight million cases.

- Dean has been in business since 1953, employs over 100 employees, and distributes across ten different counties.

- Fabiano Brothers has been involved in beverage distribution for over 130 years, employs over 50 people, and distributes across six different counties.

- Flanigan has been in business since 1947, has over 15 employees, and distributes across two different counties.

- Larry's has been in business since 1947 and has over 30 employees.

- S. & S. has been in business since 1964, has over 40 employees, and distributes across ten different counties.
- WDI has been in business since 1986, has 150 employees, distributes across 30 territories, and is a subsidiary of Anheuser Busch.

Defendants knew and understood the contents of the Distributor Agreements they signed. They should be held to the terms of those contracts.

## **COUNT ONE: DECLARATORY JUDGMENT**

30. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 29 above.

31. An actual controversy exists as to whether: (a) each Defendant's respective Distributor Agreement is enforceable according to its terms; (b) Florida or Wisconsin law applies to each Distributor Agreement; (c) VPX possesses a contractual right to terminate each Defendant without cause by paying the contractually-defined buyout; and (d) whether the WFDL applies to VPX's relationship with each Defendant.

32. VPX desires a judicial determination of its right to terminate its relationship with each Defendant.

33. A judicial declaration is necessary and appropriate at this time under the circumstances in order that VPX may ascertain and understand its rights and obligations, as well as the rights of each Defendant with respect to each Distributor Agreement.

34. A judicial determination at this time will lessen the financial and other burdens incurred by VPX and will correct Defendants' flawed and disingenuous contentions about the parties' rights and duties.

35. Pursuant to 28 U.S.C. § 2201, this Court is authorized to adjudicate and decide the parties' respective rights and obligations and to determine, under Florida law, that VPX is permitted to terminate its relationship with Defendant without cause, that VPX owes no

7

compensation to Defendants beyond the contractually-defined buyout, and that Wisconsin law—including the WFDL—is inapplicable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports, respectfully requests judgment and relief against Defendants, as follows:

A. A declaration by this Court finding:

   i. Each Defendant's Distributor Agreement is enforceable as written and governs the relationship between VPX and each Defendant;

   ii. Florida law governs each Defendant's respective Distributor Agreement and the Defendants' relationships with VPX;

   iii. Wisconsin law is not applicable to the Defendants' Distributor Agreements or to the Defendants' relationships with VPX;

   iv. VPX is contractually permitted to terminate its relationships with Defendants without cause;

   v. Defendants are not entitled to any compensation from VPX for the termination without cause beyond the contractually-defined buyout as set forth in their respective Distributor Agreements; and

   vi. Defendants are not entitled to the protections or remedies of the Wisconsin Fair Dealer Law, Wis. Stat. § 135.01 *et seq*.

B. A final judgment awarding Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports, such other and further relief as the Court deems necessary and just and consistent with the parties' contracts.

Dated: June 12, 2020

/s/*Zachary S. Foster*
Zachary S. Foster
Florida Bar No. 111980
**QUARLES & BRADY LLP**
101 E. Kennedy Blvd.,
Suite 3400
Tampa, Florida 33602
Telephone: (813) 387-0300
Fax: (813) 387-1800
Zachary.Foster@quarles.com

and

Francis Massabki
Florida Bar No. 687901
Vital Pharmaceuticals, Inc.
1600 North Park Drive
Weston, FL 33326
Telephone: (954) 641-0570
Fax: (954) 389-6254
frank.massabki@vpxsports.com

*Attorneys for Plaintiff*
*Vital Pharmaceuticals, Inc.*

QB\173151.00003\63480206.1